```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOSEPH MARION HEAD,            )
          Petitioner,          )
                               )
     v.                        )    C.A. No. 04-40042-RGS
                               )
STATE OF NORTH CAROLINA        )
          Respondent.          )
```

MEMORANDUM AND ORDER

For the reasons set forth below, petitioner's Application to Proceed Without Prepayment of Fees is denied without prejudice to refiling with a copy of petitioner's prison account statement. Petitioner's claims concerning his veterans benefits, social security benefits, and loss of property are dismissed without prejudice and petitioner's habeas claims challenging his state and federal convictions are dismissed with prejudice. Petitioner's claims concerning his involuntary civil commitment are allowed to proceed at this time. Petitioner's motion for appointment of counsel is denied without prejudice to filing such a motion after the respondent has filed a responsive pleading to the petition.

BACKGROUND

On March 29, 2004, Joseph Marion Head, a federal prisoner[1]

---

[1] Petitioner is now serving a 360-month sentence that was imposed pursuant to his convictions on nine counts of mailing threatening communications in violation of 18 U.S.C. § 876. See United States v. Head, No. 98-cr-102-ALL (W.D. N.C. Sept. 12, 2001).

now confined to FMC Devens in Ayer, Massachusetts, filed in the Central Section of this Court three pleadings. The first pleading is written on a pre-printed form and names as defendants (1) Warden Winn and (2) the "the Medical Staff of F.M.C. Devens." In this first pleading, plaintiff complains that the "[d]efendants violated [his] rights to personal liberty by failing to aford (sic) to plaintiff the judicial protections authorized, required by law, to enclude (sic) by requesting plaintiff to be further committed as stated in the petition by the U.S.A. on request of the defendants herein in the U.S. D. Ct. Boston Division of Mass." Plaintiff seeks release as well as monetary damages for each day plaintiff is incarcerated.

   The second pleading is written on a pre-printed form and names as defendants (1) Warden Winn and (2) the "property officer of F.M.C. Devens." In this second pleading, plaintiff complains that some of his personal property was lost or stolen after his transfer from West Virginia. A copy of a property inventory sheet accompanies this pleading.

   The third pleading is handwritten and titled "Motion for Judicial Protection Against Acts, Persons, Etc. that violated the Fundamental and other Rights And Privileges of Movant. Through this motion, Mr. Head "moves the Court to order and

cause to be ordered, to movant himself, pro se, all criminal, civil, tort, domestic, relief and release, authorized required, entitled, demanded."

By Notice dated March 30, 2004, Mr. Head was informed that his pleadings were received and that he needed to file the $5.00 filing fee or an Application to Proceed Without Prepayment of Fees accompanied by a certified copy of his prison trust fund account.

On April 1, 2004, petitioner filed an Application to Proceed Without Prepayment of Fees (Docket No. 1).

Petitioner subsequently filed three 2241 habeas petitions that were received on April 6, 13, and 27, 2004. The first Section 2241 petition asserts several grounds for challenging the sentence imposed by the United States District Court for the Western District of North Carolina. Accompanying this petition are two complaints and a motion. The first compliant is brought against "Nurse Stonie Ones" and complaining that this defendant "falsely accused plaintiff resulting in an infraction against plaintiff." Plaintiff seeks monetary relief and an order to have "each defendant fired from their jobs and never again allowed to have a Gov. (sic) job." The second complaint is brought against Michael Sullivan, the United States Attorney for the District of Massachusetts

complaining of the government's filing a petition seeking his involuntary commitment. The motion complains of his involuntary commitment and seeks release.

The second Section 2241 petition was filed on April 13, 2004 and seeks to challenge his civil commitment and accompanying forced medication.

The third Section 2241 petition was filed on April 27, 2004 and is accompanied by several motions. The third Section 2241 petition seeks to challenge the denial of Social Security and Veteran's benefits based upon his incarceration. With the petition, Mr. Head filed (1) a motion for appointment of counsel; (2) a motion for maximum compensation; (3) a motion to dismiss the indictment and all counts without prejudice; and (4) a motion for dismissal of the indictment with prejudice.

The Court's investigation, which included a search of PACER, the federal judiciary's electronic public access system, reveals that petitioner has filed dozens of actions in several district courts of the United States. Mr. Head "has been involved in over 165 cases in the State of North Carolina and over 47 cases in the federal district courts, the majority of which were dismissed as either frivolously filed or filed in violation of pre-filing injunction orders issued by the

North Carolina District Courts." See Head v. Williamson, C.A. No. 5:03-0063 (S.D.W.V. June 30, 2003) (Proposed Findings and Recommendations, Docket No. 6); see also United States v. Head, No. 4:98CR102 (W.D.N.C. Nov. 19, 2002) (Memorandum and Order, Docket No. 87). Because of his harassing conduct of flooding the Western District of North Carolina with frivolous petitions and motions, Mr. Head was directed to cease such activity and is subject to a pre-filing injunction. See In re: Joseph Marion Head, Jr., No. 4:93CV16, 1993 WL 266949 (W.D.N.C. Jan. 27, 1993).

## REVIEW

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id.

Although many of petitioner's pleadings are brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 proceedings; Perez v.

Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

## DISCUSSION

I.  Petitioner's Application To Proceed Without Prepayment of the Filing Fee

A party filing an action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions or (2) file an Application to Proceed Without Prepayment of Fees and Affidavit (the "Application"). See Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis).

Although petitioner filed an Application to Proceed Without Prepayment of Fees and Affidavit, in response to questions 3-5 he simply directs the Court to "see prison and

court records." See Application.  Moreover, he failed to submit a copy of his certified prison account statement.

On this record, the Court cannot fairly determine whether petitioner is indigent and will deny his Application without prejudice to refiling.  Petitioner will be granted forty-two (42) days from the date of this Memorandum and Order, to either pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Affidavit accompanied by a copy of his prison account statement.  Should such filing fee or application accompanied by account statement not be filed within 42 days, this action will be subject to dismissal without prejudice for failure to pay the filing fee.

### II. The Court Will Construe Mr. Head's Pleadings As Seeking Habeas Relief

As a general matter, a party may challenge the fact or duration of his custody only through a habeas petition and may not combine a request for release with claims for damages based on the conditions of his confinement.[2]  Preiser v. Rodriguez, 411 U.S. 475, 484-499

---

[2] See also Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (where prisoner sought damages, not speedier release, for allegedly unconstitutional conviction, prisoner had no cause of action under § 1983 because success of suit would effectively invalidate his underlying conviction and sentence); Edwards v. Balisok, 520 U.S. 641, 644-648 (1997) (prisoner's claims about alleged procedural defect at disciplinary hearing resulting in deprivation of good-time credits were not cognizable under § 1983 because suit would necessarily imply the invalidity of the deprivation of good-time credits).

(1973) (habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement whereas a civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement); Rael v. Williams, 223 F.3d 1153, 1154-1155 (10th Cir. 2000) (federal claims challenging the conditions of his confinement generally do not arise under § 2241); accord Kamara v. Farquharson, 2 F. Supp. 2d 81, 88-89 (D. Mass. 1998) (habeas can be utilized to challenge the "fact, duration or degree" of confinement but not a condition of confinement, such as inadequate medical care).  Because petitioner explicitly invokes the jurisdiction of this Court under Section 2241, the Court will construe his filing as a Section 2241 petition.   See, e.g., Rasul v. Bush, 215 F. Supp. 2d 55, 62 (D.D.C. 2002) (construing mixed pleadings as Section 2241 habeas petitions).

A petition properly filed under Section 2241 challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole and computation of a prisoner's sentence by prison officials.  See United States v. Barrett, 178 F.3d 34, 50 n. 10 (petitions pursuant to § 2241 generally attack the execution of a sentence); accord Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976) (same).

Because petitioner's claims of concerning his veterans benefits, social security benefits and alleged loss of property are

8

not cognizable in a federal habeas corpus proceeding, he must either resort to the Federal Tort Claims Act, the Social Security Act, the Veterans' Judicial Review Act and/or a <u>Bivens</u> action.[3]

---

[3]In <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized a limited right of an aggrieved party to maintain a cause of action for money damages under the Constitution for injuries suffered because of a Constitutional violation by a federal officer. <u>Id.</u> at 397.

In order to bring a claim under the FTCA, a plaintiff must present his or her claim to the requisite federal agency and that claim must have been finally denied. <u>See</u> 28 U.S.C. § 2675(a). The failure to allege presentation is fatal to a plaintiff's complaint. <u>See, e.g.</u>, <u>United States v. Kubrick</u>, 444 U.S. 111, 113 (1979) (action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency); <u>accord</u> <u>Gonzalez-Bernal v. United States</u>, 907 F.2d 246, 248 (1st Cir. 1990) (same). If a claimant fails to comply with this requirement, his claim is "forever barred." 28 U.S.C. § 2401(b).

Similarly, a party alleging that their social security benefits have been wrongfully denied must first raise his or her claims before the Social Security Administration before seeking federal court review. <u>See</u> 42 U.S.C. § 402(g) (judicial review). The failure to allege exhaustion of available administrative remedies is fatal to a plaintiff's complaint. <u>See</u> e.g., <u>Wilson v. Secretary of Health and Human Services</u>, 671 F.2d 673, 677 (1st Cir. 1982) (stating that exhaustion requirement is jurisdictional); <u>see</u> <u>also</u> <u>Pallazola v. Ricker</u>, 797 F.2d 116, 1128 (1st Cir. 1986) (if Court determines that subject-matter jurisdiction does not exist it must dismiss the case and not reach the merits).

Judicial review of veterans' benefits decisions, including constitutional claims affecting benefits, is barred by 38 U.S.C. § 511(a). A plaintiff wishing to challenge a determination by the Department of Veterans Affairs ("DVA") must appeal to the Board of Veterans Appeals within one year of receipt of the DVA's decision letter. 38 U.S.C. §§ 7104-05. Board decisions

Thus, I will dismiss petitioner's claims concerning his veterans benefits, social security benefits and alleged loss of property without prejudice, and he may re-file his claims under one or more of those theories of relief. Kamara, 2 F. Supp. 2d at 88-89.

### III. Petitioner Cannot Challenge His Federal Sentence

To the extent petitioner seeks to challenge his sentence as imposed by the Western District of North Carolina, see United States v. Head, No. 98-CR-102-ALL (W.D.N.C. Sept. 12, 2001), the case law is clear that only Section 2255 permits collateral attacks on the judgment of conviction." A motion under 28 U.S.C.A. § 2255 is a substitute for a writ of habeas corpus providing an exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself." United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980), quoted in Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), cert. denied, 528 U.S. 1126, 120 S. Ct. 958, 145 L. Ed. 2d 831 (2000).

To the extent petitioner seeks to challenge his "sentence

---

may be appealed to the United States Court of Appeals for Veterans Claims, Veterans Programs Enhancement Act of 1998, Pub.L. No. 105-368, §§ 511(a), 513, 112 Stat. 3341, 3342; 38 U.S.C. § 7252(a), whose determinations may be reviewed by the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292(c).

as imposed," rather than the "sentence as executed," he ordinarily would seek relief from the sentencing court pursuant to 28 U.S.C. § 2255.[4]  However, in order to file a motion under Section 2255 in the sentencing court, Petitioner would need to comply with that statute's one-year limitations period.  The "savings clause" provision of Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255 (emphasis added).

Pursuant to this "savings clause," a federal prisoner can challenge his conviction and sentence under Section 2241 if the prisoner can establish that the remedy afforded under Section 2255 is inadequate or ineffective to test the legality

---

[4]Section 2255 provides in part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  See 28 U.S.C. § 2255.

of his detention.  United States v. Barrett, 178 F.3d 34, 49-50 (1st Cir. 1999), cert. denied, 528 U.S. 1176, 120 S. Ct. 1208, 145 L. Ed. 2d 1110 (2000).  The prisoner bears the burden of proving that the remedy under Section 2255 is inadequate.  Charles v. Chandler, 180 F.2d 753, 756 (6th Cir. 1999) (per curiam).

The remedy afforded by Section 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred under Section 2255.  Calvache v. Benov, 183 F. Supp. 2d  124, 126-127 (D. Mass. 2001) (citing Barrett, 178 F.3d at 50; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "Such a result would make Congress's ... amendment of [section] 2255 a meaningless gesture."  Barrett, 178 F.3d at 50, quoted in Sustache-Rivera v. United States, 221 F.3d, 8, 16 n. 13 (1st Cir. 2000).  Because petitioner has not alleged that the remedy under Section 2255 is inadequate, he cannot now challenge his federal court conviction.

    IV.  Petitioner Cannot Challenge His Expired State Conviction

To the extent petitioner seeks to challenge his North Carolina conviction of almost thirty years ago, see State v. Head,

33 N.C. App. 494, 235 S.E.2d 423 (1977), such claim must be dismissed. In order for this court to have jurisdiction over petitioner's habeas claim, he must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In addition, "the statutory language [requires] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). Because petitioner is no longer in custody with respect to his expired state conviction, he cannot now challenge his state court conviction pursuant to Section 2254. <u>Id.</u>

    V.   The Court Will Allow Petitioner's Habeas Claims to <u>Proceed Concerning His Involuntary Civil Commitment</u>

To the extent petitioner seeks to challenge his Involuntary Civil Commitment pursuant to 28 U.S.C. § 2241, the Court will allow such claims to proceed at this time.

ORDER

ACCORDINGLY, for the reasons stated above,

(1) the petitioner shall, within forty-two (42) days from the date of this Memorandum and Order, either pay the $5.00 filing fee or file a new Application to Proceed Without Prepayment of Fees accompanied by a copy of his certified

prison account statement.  The Clerk shall send petitioner an Application to Proceed Without Prepayment of Fees.

(2) petitioner's motion for appointment of counsel is denied without prejudice to filing such a motion after the respondent has filed a responsive pleading to the petition.

(3) petitioner's claims concerning his veterans benefits, social security benefits and alleged loss of property are dismissed without prejudice.

(4) petitioner's habeas claims challenging his state and federal convictions are dismissed with prejudice.

(5) the Clerk shall serve a copy of this Memorandum and Order and the habeas pleadings by mailing copies, certified mail, to Warden Winn; AND the United States Attorney for the District of Massachusetts.

(6) the Respondent shall, within 20 days of receipt of this Memorandum and Order, file an answer (or other proper responsive pleading) to the claims raised in petitioner's habeas pleadings.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>13</u> day of <u>May</u>, 2004.

/s/ Richard G. Stearns

RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE