UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH MARION HEAD,           )
                              )
      Petitioner,             )
                              )
v.                            )   Civil Action No. 04CV40042RGS
                              )
DAVID L. WINN, WARDEN         )
                              )
      Respondent.             )
                              )

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION PURSUANT TO FED. R. CIV. P. 12(b)

### Introduction

Petitioner, Joseph Marion Head, commenced the instant action on or about April 9, 2004, by filing a petition for writ of habeas corpus against David L. Winn, Warden of the Federal Medical Center, Devens, Massachusetts, ("FMC Devens") with the United States District Court for the District of Massachusetts. Plaintiff filed this petition pursuant to 28 U.S.C. § 2241 to contest his present psychological commitment at FMC Devens. (See Petition, p. 4.) Petitioner is currently committed to the custody of the Attorney General for treatment in accordance with 18 U.S.C. § 4245(d), pursuant to a court order dated November 17, 2003. (See **Document 1a**, Order of Commitment pursuant to 18 U.S.C. § 4245, attached to the Declaration of Stephanie Scannell.)[1] On April 29, 2003, Petitioner was designated to FMC Devens for hospitalization,

---

[1] The Scannell Declaration is attached as Exhibit 1. This declaration is attached in support of Respondent's arguments in favor of dismissing Plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The attachment of this additional material does not transform this motion from a Rule 12 motion to dismiss to a Rule 56 motion for summary judgment. See Gonzalez v. United States, et al., 284 F.3d 281, 287 (1st Cir. 2002). "[I]t is clear that the facts relevant to the determination of subject matter jurisdiction do not go directly to the merits of the plaintiff's claim." Id.; see also Heinrich v. Sweet, 44 F. Supp. 2d

evaluation, and treatment, until such time as Petitioner is no longer in need of such custody for care, or until the expiration of the sentence of imprisonment. (See **Document 1b**, Public Information Data for inmate Joseph Marion Head, Reg. No. 17549-056, attached to the Declaration of Stephanie Scannell.) Petitioner also alleges that he has been forcefully medicated. (See Petition, p. 1.) As relief, Petitioner seeks immediate release from custody. (See Petition, p. 6.)

As a result of Petitioner's failure to exhaust his administrative remedies, Respondent moves this Court to dismiss Petitioner's complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1).

### Statement of Facts

On August 16, 2001, Petitioner was sentenced in the United States District Court for the Western District of North Carolina to a thirty-year term of imprisonment, with a three-year term of supervised release to follow, for Mailing Threatening Communications, a violation of 18 U.S.C. § 876. (See **Document 1b**.) Petitioner was committed to the custody of the Federal Bureau of Prisons ("BOP") on October 12, 2001. (Id.) Assuming Petitioner is granted all remaining Good Conduct Time ("GCT") available to him under 18 U.S.C. § 3624(b), his projected statutory release date on this docket is January 14, 2025. (Id.) In the event that all his remaining GCT is disallowed, Petitioner's full term expiration date is March 8, 2028. (Id.)

---

408, 412 (D. Mass. 1999), citing Jones-Booker v. United States, 16 F. Supp. 2d 52, 58 (D. Mass. 1998) ("[A] court ordinarily may not consider materials outside the pleadings on a Rule 12(b)(6) motion . . . but may consider such evidence on a Rule 12(b)(1) motion . . . ."); White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 771 (D. Mass. 1995) ("A court is not bound by the allegations in the pleadings when considering motions to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1)").

On April 29, 2003, Petitioner was transferred to FMC Devens. (See **Document 1b**.) Following his arrival, FMC Devens staff determined that Petitioner was suffering from a mental disease or defect which required treatment and care in a suitable facility. The United States then filed a petition on July 30, 2003, in the United States District Court for the District of Massachusetts, for a hearing provided by 18 U.S.C. § 4245. (See **Document 1c**, Petition for a Hearing to Determine Present Mental Condition of an Imprisoned Person Pursuant to 18 U.S.C. § 4245, attached to the Declaration of Stephanie Scannell.)

A hearing was conducted on November 17, 2003. (See **Document 1a**.) Following the hearing, the Court found that Petitioner "suffers from a mental disease or defect for the treatment of which he is in need of custody for case of treatment in a suitable facility." (Id.) Therefore, the Court ordered that Petitioner "be committed, pursuant to 18 U.S.C. § 4245(d), to the custody of the Attorney General for treatment at FMC Devens or other suitable facility until it is determined pursuant to 18 U.S.C. § 4245(e) that he is no longer in need of such custody for the care or treatment, or until the expiration of his sentence of imprisonment, whichever comes first." (Id.)

On or about April 28, 2004, Petitioner submitted a request for Administrative Remedy requesting that he be released from federal custody because he had been kidnaped. (See **Document 1d**, Administrative Remedy Generalized Retrieval, attached to the Declaration of Stephanie Scannell.) This Administrative Remedy was rejected for the following reasons: (1) failure to file separate requests for each unrelated issue; (2) failure to provide specific information about the request and its relation to confinement and the BOP; (3) failure to submit the correct number of copies; and (4) submission of more than one continuation page to the

3

request. (Id.)[2]

Throughout May and June 2004, Petitioner has attempted to file a number of requests for Administrative Remedy at both the institutional and regional levels concerning various "Legal Issues" and kidnaping allegations. (See **Document 1d**.) All requests were rejected due to improper filing for reasons such as lack of specific information, raising many unrelated issues in one request, and failure to file at the institutional level prior to submitting a regional appeal. (Id.)

## Argument

For the purposes of a Rule 12 motion to dismiss, a court accepts that all factual allegations set forth in the complaint are true. See Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986); Mulloy v. United States, 884 F. Supp. 622, 626 (D. Mass. 1995). When the averments of the complaint, as well as their proper inferences, are construed in favor of the plaintiff, and "it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief," the claim will be dismissed. Williams, 784 F.2d at 433; see Mulloy, 884 F. Supp. at 626. However, when a court is faced with a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), it is the party asserting jurisdiction who has the burden of establishing that jurisdiction exists. O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982). In the instant case, even accepting as true all of Petitioner's allegations of fact, this Court should dismiss the petition in its entirety for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

---

[2] In accordance with Program Statement 1330.13, Administrative Remedy Program, and 28 C.F.R. § 542.17, "[w]hen a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy coordinator, explaining the reason for rejection. 28 C.F.R. § 542.17. See also **Document 1e**, Program Statement 1330.13, Administrative Remedy Program (attached in relevant part).

4

### Petitioner Failed To Exhaust His Administrative Remedies, Therefore, Dismissal Is Proper As This Court Lacks Subject Matter Jurisdiction To Grant The Requested Relief.

The Supreme Court has long recognized that exhaustion serves two equally important functions: (1) protecting administrative agency authority; and (2) promoting judicial efficiency. See Weinberger v. Salfi, 422 U.S. 749, 765 (1975). As such, application of the exhaustion doctrine is "intensely practical." Mathews v. Eldridge, 424 U.S. 319, 332 n. 11 (1976). The exhaustion doctrine "enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy." Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1094 (1st Cir. 1989) (citing McKart v. United States, 395 U.S. 185, 194 (1969)); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-762 (3d Cir. 1996) (noting that exhaustion: (1) allows the agency to develop a factual record and apply its expertise which facilitates judicial review; (2) permits agencies to grant the relief requested which conserves judicial resources; and (3) provides agencies the opportunity to correct their own errors, which fosters administrative autonomy). The BOP's computerized database reveals no record that Petitioner fully exhausted his administrative remedies with respect to any issue raised in his petition.

Generally, petitioners seeking relief under 28 U.S.C. § 2241 must exhaust their administrative remedies prior to presenting their claims in federal court.[3] Fuller v. Rich, 11 F.3d

---

[3] Though exceptions to the exhaustion doctrine exist, a petitioner bears the burden of establishing entitlement to one or more of them. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). These exceptions, however, apply only in extraordinary circumstances and are only appropriate where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a

5

61, 62 (5th Cir. 1994); Arias v. United States Parole Commission, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973); DeVincent v. United States, 587 F.Supp. 494, 495 (E.D.Va. 1984), aff'd, 746 F.2d 1471 (4th Cir.), cert. denied, 470 U.S. 1055 (1985); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). Although 28 U.S.C. § 2241 does not specifically require petitioners to exhaust administrative remedies prior to filing habeas petitions, courts may still require, as a prudential matter, that habeas petitioners exhaust available remedies prior to seeking relief under § 2241.[4] See Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001). Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10-542.16, Petitioner may then seek judicial review by filing a habeas petition

---

patently futile course of action." Id. Petitioner does not assert any exception argument. Therefore, Petitioner fails to establish any entitlement to any exception to the exhaustion requirement.

[4]    The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) in such a way "as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action." Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000) (aff'd in Booth v. Churner, 532 U.S. 731 (2001)) (quoting Nyhius v. Reno, 204 F.3d 65, 72 (3d Cir. 2000). The PLRA of 1995 provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. at 299.
   In Booth v. Churner, 532 U.S. 731 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms of relief sought and offered through administrative avenues." Id. at 741 n.6. The administrative remedy system at issue in Booth was nearly identical to the three-level system used by the federal prison system. Id. at 734. The Supreme Court also closed the door on any futility arguments made by an inmate, stating, "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at p. 741 n.6; see also, Hartsfield v. Vidor, 199 F.3d 305 (6th Cir. 1999); Wright v. Morris, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), cert. denied, 522 U.S. 906 (1997). To the extent that the PLRA applies, Respondent asserts that exhaustion is required. See Porter v. Nussle, 534 U.S. 516, 524 (2002); But see Monahan v. Winn, 276 F. Supp. 2d 196, 204 (D. Mass. 2003).

under 28 U.S.C. § 2241. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999).

The BOP established an Administrative Remedy Program whereby inmates can "seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. This three-level administrative remedy process is available if less formal procedures have not resolved the problem. See 28 C.F.R. §§ 542.10-542.16.[5] An inmate has not exhausted his administrative remedies until he has sought review at *all three levels*. Id. at § 542.15(a).[6] (Emphasis supplied.) In the instant case, Petitioner has not filed any administrative remedies regarding the issues of this instant petition, or any other issue. (Id.) Although the evidence indicates that Petitioner has attempted to file a number of requests for administrative remedies throughout May and June 2004, all of Petitioner's requests have been rejected prior to filing, for a variety of reasons. (See **Document 1d**.) Although Petitioner was made aware of the reasons for rejection, he has yet to successfully file a request for administrative remedy at any level. (Id.) As such, he has failed to exhaust his administrative remedies. Accordingly, as Petitioner failed

---

[5] Under this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team. If informal resolution is insufficient to resolve the matter, the procedure requires that an inmate address his Administrative Remedy Request (e.g., the complaint) on the "appropriate form" to the prison Warden "20 calendar days following the date on which the basis for the request occurred." Id. at § 542.14(a), (c). If dissatisfied with the response from the Warden, the inmate may appeal his complaint "on the appropriate form" to the Regional Director for the region where the inmate is located "within 20 calendar days of the date the Warden signed the response." Id. at § 542.15(a), (b). If dissatisfied with the Regional Director's response, the inmate may submit yet another appeal "on the appropriate form" to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C. "within 30 calendar days of the date the Regional Director signed the response." Id.

[6] There are some complaints that may be filed initially at the Regional or Central Office level. See 28 C.F.R. § 542.14(d). Plaintiff's complaint does not fall into one of those specified categories.

...

to exhaust his administrative remedies prior to filing the instant petition, the petition should be dismissed.

## Conclusion

For the foregoing reasons, Respondent respectfully requests that this Court allow his motion to dismiss in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

DEFENDANT DAVID L. WINN,
WARDEN, FMC DEVENS,

By his attorney,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

### CERTIFICATE OF SERVICE

This is to certify that I have this 14th day of July 2004, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Joseph Marion Head (#17549-056), *pro se*, P.O. Box 879, Ayer, MA 01432

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant United States Attorney

## REQUEST FOR WAIVER OF LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel hereby requests a waiver of the requirements of Local Rule 7.1(A)(2). As reasons therefore, she asserts that the plaintiff, who is acting *pro se*, is incarcerated at the Federal Medical Center in Devens, Massachusetts.

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant United States Attorney